IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT KOBESKY, on behalf of himself and similarly situated employees, | : : : : | Civil Action No.: 3:18-cv-01705 |
| Plaintiff, | : : | |
| v. | : : | The Honorable Robert D. Mariani |
| A TO Z COATINGS, INC., | : : | |
| Defendant. | : | ELECTRONICALLY FILED |

## **ANSWER TO COMPLAINT – CLASS/COLLECTIVE ACTION**

And now comes Defendant A to Z Coatings, Inc. ("Defendant"), by and through its undersigned counsel, files this answer and defenses to the Complaint – Class/Collective Action ("Complaint") filed by Plaintiff Scott Kobesky ("Plaintiff"). Defendant denies every allegation contained in the Complaint, except as specifically admitted herein, and answers each of the paragraphs in the Complaint as follows:

1. Paragraph 1 is a conclusion of law requiring no response.

2. Paragraph 2 is a conclusion of law requiring no response.

3. Paragraph 3 is a conclusion of law requiring no response.

4. Denied. By way of further response, upon information and belief, Plaintiff is currently incarcerated in a correctional facility outside of Scranton, PA.

5. Admitted.

6. Admitted.

7. Defendant admits that it is a contractor in the business of applying insulations and sealants, that it has performed work in Pennsylvania and New York, and that the cited excerpt is from its website. Defendant denies all remaining allegations of paragraph 7.

8. Denied.

9. Admitted.

10. Defendant admits that Plaintiff was credited with 50 hours of work for the week ending July 2, 2017, and credited with 48 hours of work for the week ending June 18, 2017. Defendant denies all remaining allegations of paragraph 10.

11. Paragraph 11 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 11.

12. Paragraph 12 is a conclusion of law requiring no response.

13. Paragraph 13 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 13.

14. Paragraph 14 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 14.

15. Paragraph 15 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 15.

16. Paragraph 16 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 16.

17. Paragraph 17 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 17.

18. Paragraph 18 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 18.

19. Paragraph 19 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 19.

20. Defendant incorporates its answers to paragraphs 1 through 19 as if set forth in their entirety.

21. Paragraph 21 is a conclusion of law requiring no response.

22. Paragraph 22 is a conclusion of law requiring no response.

23. Paragraph 23 is a conclusion of law requiring no response.

24. Paragraph 24 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 24.

25. Paragraph 25 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 25.

26. Defendant incorporates its answers to paragraphs 1 through 25 as if set forth in their entirety.

27. Paragraph 27 is a conclusion of law requiring no response.

28. Paragraph 28 is a conclusion of law requiring no response.

29. Paragraph 29 is a conclusion of law requiring no response.

30. Paragraph 30 is a conclusion of law requiring no response. To the extent a response is required, Defendant denies the allegations of paragraph 30.

The allegations in the WHEREFORE clause state a prayer for relief requiring no response. To the extent a response is required, Defendant denies the allegations in Plaintiff's prayer for relief.

## DEFENSES

1. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because the Complaint fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because at all relevant times, they were paid the required contractual and statutory payments.

4. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

5. To the extent that Plaintiff and/or members of the purported class and collective action were paid compensation beyond that to which they were entitled by

Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

6. If Defendant failed to pay Plaintiff and/or the members of the purported class and collective action any overtime wages, they cannot demonstrate facts sufficient to warrant an award of liquidated damages.

7. If Defendant failed to pay Plaintiff and/or members of the purported class and collective action any overtime wages, none of Defendant's actions or omissions constituted a willful violation.

8. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and/or members of the purported class and collective action.

9. Plaintiff has failed to satisfy the prerequisites for bringing a class or collective action.

10. Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendant's right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of Pennsylvania.

11. Plaintiff's claims and/or the claims of members of the purported class and collective action are offset by any amounts owed to Defendant, including but not limited to overpayments or other forms of unjust enrichment.

12. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, because Plaintiff lack standing to seek some or all of the requested relief.

13. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred to the extent they seek remedies beyond those provided for by the Fair Labor Standards Act or the Pennsylvania Minimum Wage Act.

14. Plaintiff's claims and/or the claims of members of the purported class and collective action are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the Fair Labor Standards Act or the Pennsylvania Minimum Wage Act.

15. Although Plaintiff is not similarly situated to other individuals, and this action may not proceed as a class or collective action, Defendant reserves the right to assert any of the above defenses as well as additional defenses as to any individual who files a consent to join in this action or any putative class action member.

16. Defendant reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, Defendant respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

        Respectfully submitted,

        **FOX ROTHSCHILD LLP**


        <u>/s/ Richard L. Etter</u>
        Richard L. Etter, Esquire
        PA ID 92835
        500 Grant Street, Suite 2500
        Pittsburgh, PA 15219
        Phone: (412) 394-5529
        retter@foxrothschild.com

        *Attorney for Defendant A to Z Coatings, Inc.*

Dated: November 7, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, the foregoing Answer to Complaint was served upon the following via ECF:

Peter Winebrake, Esquire
R. Andrew Santillo, Esquire
Mark J. Gottesfeld, Esquire
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
Email: pwinebrake@winebrakelaw.com

Brian Petula, Esquire
Crossover Law, PLLC
1143 Northern Boulevard, No. 121
Clarks Summit, PA 18411
Phone: (570) 561-1080
Email: brian@crossoverlaw.com

*Attorneys for Plaintiff*

/s/ *Richard L. Etter*
Richard L. Etter, Esquire